By the Court.
 

 This is an action in mandamus, instituted in this court by the Brooks Equipment & Manufacturing Company, a corporation organized under the laws of Tennessee, seeking a writ requiring the Director of Finance of the state of Ohio to issue a certificate that there is a balance in the appropriation, not previously obligated, sufficient to pay for certain road equipment allegedly purchased from the relator by the state of Ohio, and to require Robert S. Beightler, as Director of Highways, to accept delivery thereof.
 

 This matter was considered and decided by this court on November 22, 1939, upon a similar application. See
 
 State, ex rel. Brooks Equipment & Mfg. Co.,
 
 v.
 
 Evatt, Dir.,
 
 136 Ohio St., 56, 23 N. E. (2d), 834. The writ there prayed for was denied on the ground that the appropriated funds with respect to which certification was sought had lapsed.
 

 Thereafter, relator filed a second amended petition.
 

 It is now contended by relator that even though the funds appropriated for the biennium ending December 31, 1938, had lapsed, nevertheless, on January 5, 1939, the date upon which relator had requested the certifi
 
 *126
 
 cation of available funds for this contract, there had been a new appropriation for the biennium, beginning January 1, 1939, and ending December 31, 1940, and that funds were available as of that date.
 

 In
 
 State, ex rel. Brooks Equipment & Mfg. Co.,
 
 v.
 
 Evatt, Dir., supra,
 
 we held the relator’s claim not to be a liability lawfully incurred, and in that connection we said:
 

 “To be ‘lawfully’ incurred, a certification from the Director of Finance of the availability of unencumbered appropriated funds, sufficient to meet the proposed obligation, is required by statute. Section 2288-2, General Code, provides:
 

 “ ‘It shall be unlawful for any officer, board or commission of the state to enter into any contract, agreement or obligation involving the expenditure of money, or pass any resolution or order for the expenditure of money, unless the Director of Finance shall first certify that there is a balance in the appropriation pursuant to which such obligation is required to be paid, not otherwise obligated to pay precedent obligations.’ ”
 

 The provisions of this statute are as controlling upon the relator as they are upon the officers of the state. No valid or binding obligation can be incurred by or against the state without prior certification of the availability of funds. In the instant case, the petition of the relator shows that all of the acts upon which the relator relies to compel the Director of Finance to issue the certificate of availability of the funds were performed prior to December 31, 1938. Consequently, a certificate should have been issued prior to that time. Under our view of the statute, only funds available prior to entering into a contract may be certified. Otherwise, long-term contracts could be entered into in great volume in one biennium and certification of availability of the funds procured in subsequent biennia. To prevent just such situations,
 
 *127
 
 Section 22, Article II of the Constitution of Ohio, provides that appropriations are to be made for only two years.
 

 It is urged by relator that, as a matter of practice, a certificate of availability of funds is often issued after the formalities of the purchasing are completed. However, an administrative practice cannot prevail over the clear requirements of the statute which set up a different procedure. See
 
 State, ex rel. Morris,
 
 v.
 
 Industrial Commission,
 
 134 Ohio St., 380, 17 N. E. (2d), 741.
 

 Relator relies heavily upon the case of
 
 State, ex rel. S. Monroe & Son Co.,
 
 v.
 
 Baker, Dir.,
 
 112 Ohio St., 356, 147 N. E., 501. In that ease, the request for a certificate from the Director of Finance was made after the contract for construction of a highway had been awarded. However, the question as to the time of the request for certification was not there decided. The decision in that case was concerned primarily with the question whether the Governor had authority to control the actions of the highway department with respect to the use of highway construction material. The refusal of the finance director to sign the certificates was based on an executive order from the Governor and was but a collateral matter in the case.
 

 The demurrer of the defendant to the second amended petition of the relator is sustained.
 

 Demurrer sustained and writ denied.
 

 Weygandt, C. J., Day, Matthias and Hart, JJ., concur.